IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLIFFORD ROWLING, #B-87063,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 16−cv–00459−NJR |
| | ) |
| **ILLINOIS DEPT. OF CORRECTIONS,** | ) |
| **JASON C. GARNETT,** | ) |
| **DENIS LARSON, M.D.,** | ) |
| **GARY GERST,** | ) |
| **ALAN LIFCHITZ, M.D., and** | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| | ) |
|       **Defendants.** | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is now before the Court for consideration of the First Amended Complaint (Doc. 23) filed by Plaintiff Clifford Rowling, an inmate at Big Muddy River Correctional Center ("Big Muddy"). Plaintiff brings this action for deprivations of his federal rights pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 21312, *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a). In his First Amended Complaint, which he prepared with the assistance of recruited counsel, Plaintiff alleges that he has been consistently denied medical, mental health, and psychiatric care at Big Muddy. He asserts claims against the defendants under the Eighth Amendment, the ADA and the RA. (Doc. 23, p. 2). Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief. (Doc. 23, pp. 18-19).

This case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

>	(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>		(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>		(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. The First Amended Complaint survives preliminary review under this standard.

### First Amended Complaint

According to the First Amended Complaint, Plaintiff is mentally impaired and disabled. (Doc. 23, pp. 2-3). He has a "long history of severe documented mental illness and psychological problems, disabilities[,] and impairments." (Doc. 23, p. 5). Plaintiff has been diagnosed with bipolar disorder, paranoia, obsessive compulsive disorder ("OCD"), suicidal ideations, delusions, low mood, depression, and attention deficit disorder ("ADD"), among other things. *Id*. All of the defendants named in this action "were and are" aware of these issues. *Id*.

Defendants Larson, Gerst, and Lifchitz have met with Plaintiff and evaluated him at Big Muddy on several occasions. (Doc. 23, p. 5). They are aware that Plaintiff's previously prescribed medications are ineffective. Consequently, he suffers from numerous adverse side effects that include "weakness, bad mood swings, migraine headaches, dizziness, lack of focus, black outs, blurred vision, paranoia, . . . difficulty sleeping, and drowsiness." (Doc. 23, p. 6). Plaintiff also talks to birds and inanimate objects. *Id*.

On numerous occasions, Plaintiff has asked Defendants Larson, Gerst, and Lifchitz to adjust his medication, in order to reduce or eliminate the adverse side effects. Despite multiple requests, however, the defendants have "continually delayed and refused to make any meaningful effort to alter or adjust [his] medications." (Doc. 23, p. 7). Plaintiff claims that the conduct of these defendants amounts to deliberate indifference to his serious medical needs, in violation of his rights under the Eighth and Fourteenth Amendments. (Doc. 23, pp. 7-8).

Wexford Health Sources, Inc. ("Wexford"), a private corporation that provides mental health and psychiatric care to inmates at Big Muddy, also "knew, through its agents and employees," of Plaintiff's mental impairments and his need for psychiatric treatment. (Doc. 23, pp. 8-10). Even so, Wexford has denied Plaintiff appropriate care, in violation of his rights under the Eighth Amendment. *Id.* Wexford has instituted a number of "unconstitutional policies, customs, procedures, plans, and guidelines, to reduce, contain and limit the costs of medical care" provided to inmates. (Doc. 23, pp. 10-11). The corporation elevates concerns about costs of services over the quality of services it provides. *Id.* These policies and practices are allegedly the "moving force" behind Plaintiff's denial of adequate mental health and psychiatric treatment at Big Muddy. (Doc. 23, p. 11). Plaintiff names Wexford in this action for denying him appropriate mental health care in violation of the Eighth Amendment. (Doc. 23, pp. 11-14).

In addition, he asserts a claim for money damages under the ADA and RA. (Doc. 23, pp. 14-17). Plaintiff contends that he has been subject to discrimination because of his mental illness and impairments. (Doc. 23, pp. 15-16). Defendants refuse to accommodate his psychiatric needs, by providing him with proper medical care. *Id.* As a result, Plaintiff is unable to enjoy basic life activities, such as caring for himself, working, sleeping, learning, or performing manual tasks. (Doc. 23, pp. 5, 14-16).

Plaintiff now requests declaratory judgment and monetary damages against the defendants. (Doc. 23, pp. 18-19). He also seeks mandatory and permanent injunctive relief, in the form of a court

order requiring Warden Garnett, Wexford, and Doctor Lifchitz to "provide him with the medications and other psychiatric treatment required to stop those adverse [side] effects" described in the First Amended Complaint. (Doc. 23, pp. 17-18).

## Discussion

Plaintiff sets forth four claims, which this Court has consolidated into three separate claims, as follows:

**Count 1 -** Eighth Amendment[1] claim against Defendants Larson, Gerst, and Lifchitz for denying Plaintiff medical, mental health, and psychiatric care at Big Muddy.

**Count 2 -** Eighth Amendment claim against Defendant Wexford for instituting several cost-saving policies that were the "driving force" behind Plaintiff's denial of medical, mental health, and psychiatric care at Big Muddy.

**Count 3 -** ADA and/or RA claims against the IDOC for discriminating against Plaintiff because of his mental and psychiatric disabilities.

The parties and the Court will continue using these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

## Count 1

The Eighth Amendment "safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. at 103)). To state an Eighth Amendment claim based on the denial of medical care, a prisoner must show that he suffered from a serious medical need (*i.e.*, an objective standard), and the defendants were aware of and disregarded

---

[1] In addition to the Eighth Amendment, Plaintiff invokes the Fourteenth Amendment in support of his medical needs claim in Count 1. The Eighth Amendment is made applicable to the States by interpretation of the Due Process Clause of the Fourteenth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976).

a substantial risk of harm to the plaintiff (*i.e.*, a subjective standard). *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

A medical condition is "serious," if it has been diagnosed by a physician as requiring treatment or is so obvious that a layperson would recognize the condition as necessitating treatment. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The Seventh Circuit has recognized that a psychiatric or psychological condition may present a serious medical need. *Meriwether v. Falkner*, 821 F.2d 408, 413 (7th Cir. 1987). The First Amended Complaint points to numerous psychiatric conditions and other mental impairments that could qualify as "serious" under this standard.

Deliberate indifference is intentional or reckless disregard of a substantial risk of harm posed by the condition. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). Negligence, or even gross negligence, does not support a claim of deliberate indifference. *Id*. "[I]nmates may not be denied all treatment for a serious psychiatric or psychological condition." *See Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). The allegations suggest that Defendants Larson, Gerst, and Lifchitz denied Plaintiff all forms of meaningful treatment, despite their awareness of his numerous untreated or improperly treated conditions. Given these allegations, Count 1 shall receive further review against Defendants Larson, Gerst, and Lifchitz. Because no other defendants are named in connection with this claim, Count 1 shall be dismissed with prejudice against all other defendants.

## Count 2

The First Amended Complaint also supports an Eighth Amendment medical needs claim against Wexford. The doctrine of *respondeat superior* (supervisory liability) is not recognized under § 1983. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). This means that a private corporation, like Wexford, cannot be liable under § 1983, unless the constitutional violation "was caused by an unconstitutional policy or custom of the corporation itself." *Shields v. Illinois Dep't of Corr.*, 746 F.3d 789 (7th Cir. 2014).

According to the First Amended Complaint, Wexford had several policies, customs, and/or practices in place at Big Muddy that prioritized concerns of cost over the quality of care provided to prisoners. (Doc. 23, pp. 10-11). Plaintiff contends that these policies or practices were the "driving force" behind his denial of adequate medical care. The claim against Wexford warrants further review. *See Perez*, 792 F.3d at 781-82 (reversing dismissal of claim against Wexford where its policy of having no full-time doctor stationed at prison delayed proper medical care of prisoner). Accordingly, Count 2 shall proceed against Wexford and shall be dismissed with prejudice against all other defendants.

## Count 3

The First Amended Complaint also articulates a viable claim under Title II of the ADA, 42 U.S.C. § 12101 *et seq.*, and the RA, 29 U.S.C. §§ 794-94e. Both the ADA and RA prohibit public entities from denying qualified individuals with disabilities the opportunities to participate in the services, programs, or activities of the public entity because of their disabilities. *See* 42 U.S.C. § 12132; 29 U.S.C. § 794. Both statutes create a private cause of action for damages against states. *Id.* Based on his numerous mental health issues, Plaintiff is presumably a qualified individual with a disability. *See* 42 U.S.C. § 12102(1); *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (plaintiff was considered disabled under the ADA because her medication did not perfectly control her mental illness). Plaintiff also alleges that he was denied access to Big Muddy's medical services and programs because of his disability. Therefore, Plaintiff shall be allowed to proceed with Count 3.

However, individual employees of the Illinois Department of Corrections ("IDOC") cannot be sued under the ADA or RA. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Plaintiff has named the IDOC in connection with this claim,

and he shall be allowed to proceed with Count 3 against this defendant. This claim shall be dismissed with prejudice against all other defendants.

### Injunctive Relief

Because Plaintiff seeks injunctive relief, Warden Jason Garnett shall remain as a defendant, in his official capacity only, in order to carry out any injunctive relief that is ordered. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (it is generally appropriate to name the government official who is responsible for carrying out the requested relief, in his or her official capacity). With that said, Plaintiff has not invoked Rule 65(a) or (b) of the Federal Rules of Civil Procedure or requested any sort of urgent relief. If he deems it necessary to do so, Plaintiff may file a separate Motion for Temporary Restraining Order and/or Preliminary Injunction pursuant to Rule 65 at any time during the pending action.

### Non-Parties

In the First Amended Complaint, Plaintiff repeatedly refers to claims against "unnamed defendants." (Doc. 23). He does not list these individuals, even in generic terms, as defendants in the caption of his First Amended Complaint. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Accordingly, Plaintiff's claims against any unnamed defendants are considered dismissed without prejudice from this action.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendants **LARSON, GERST,** and **LIFCHITZ**; **COUNT 2** is subject to further review against Defendant **WEXFORD**; and **COUNT 3** is subject to further review against Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS**.

**IT IS ORDERED** that **COUNTS 1, 2,** and **3** are **DISMISSED with prejudice** against those defendants who are not named in connection with the claims in the preceding paragraph.

**IT IS ALSO ORDERED** that Defendant **GARNETT** shall remain a defendant, in his official capacity only, for the sole purpose of carrying out any injunctive relief that is ordered. This defendant is named only in his official capacity in the First Amended Complaint, and all **INDIVIDUAL CAPACITY** claims are **DISMISSED** with prejudice against Defendant **GARNETT**.

**IT IS FURTHER ORDERED** that as to **COUNTS 1, 2,** and **3,** the Clerk of Court shall prepare for Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS, DENIS LARSON, GARY GERST, ALAN LIFCHITZ, WEXFORD HEALTH SOURCES, INC.** and **JASON GARNETT (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 23), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is

entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  February 6, 2017**

                                               **NANCY J. ROSENSTENGEL**
                                               **United States District Judge**