# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLIFFORD ANTONIO ROWLING, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-CV-459-NJR-DGW |
| ALAN LIFSCHITZ, M.D., ILLINOIS DEPARTMENT OF CORRECTIONS, JASON C. GARNETT, DENNIS LARSON, M.D., GARY GERST, and WEXFORD HEALTH SOURCES, INC., | ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald. G. Wilkerson (Doc. 66), which recommends that this Court deny the Motion for Summary Judgment filed by Defendants Gary Gerst, Dennis Larson, M.D., Alan Lifschitz, M.D., and Wexford Health Sources, Inc. (Doc. 49) and deny the Motion for Summary Judgment filed by Defendants Jason C. Garnett and the Illinois Department of Corrections (Doc. 51). The Report and Recommendation was entered on November 14, 2017. Although Defendants Jason Garnett and the Illinois Department of Corrections initially sought an extension of time to file an objection to the motion, no objections were ultimately filed (*See* Doc. 71).

Plaintiff Clifford Rowling ("Rowling") filed this action asserting that Defendants violated his constitutional rights while he was incarcerated at Big Muddy River Correctional Center ("Big Muddy"). Rowling proceeds on the following counts:

Count One: Eighth Amendment claim against Big Muddy Medical Director Dr. Dennis Larson, Physician's Assistant Gary Gerst, and Dr. Alan Lifschitz for denying Rowling medical, mental health, and psychiatric care at Big Muddy;

Count Two: Eighth Amendment claim against Wexford for instituting several cost-saving policies that were the "driving force" behind Rowling's denial of medical, mental health, and psychiatric care at Big Muddy; and

Count Three: ADA and/or RA claims against the IDOC for discriminating against Rowling because of his mental and psychiatric disabilities.

Jason Garnett, the Warden of Big Muddy, is a defendant in this action in his official capacity only to carry out any injunctive relief that may be ordered.

Defendants have filed Motions for Summary Judgment (Docs. 49 and 51) arguing that Rowling failed to exhaust his administrative remedies before bringing suit. As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on the motions on August 2, 2017. Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 66). Objections to the Report and Recommendation were due on or before January 29, 2018. No objections were filed.

Where timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 291, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear

error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Magistrate Judge Wilkerson's Report and Recommendation. Magistrate Judge Wilkerson thoroughly discussed the evidence and the Court fully agrees with his findings, analysis, and conclusions with respect to the issue of exhaustion. Magistrate Judge Wilkerson determined that, upon receipt of Rowling's grievance, the ARB was on notice of Rowling's complaints and his apparent inability to follow the proper grievance procedure due to his serious mental impairments and, by merely returning the grievance with additional instructions that were likely beyond Rowling's abilities, caused the administrative remedy process to be unavailable to Rowling. The Court agrees that, in this particular factual scenario, the administrative remedy process was unavailable to Rowling.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 66) in its entirety and **DENIES** the Motions for Summary Judgment (Docs. 49 and 51) filed by Defendants.

**IT IS SO ORDERED.**

DATED: February 7, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**